OPINION
On May 6, 2001, at approximately 1:30 a.m., Sergeant Thomas Couts of the Coshocton County Sheriff's Department was on road patrol in Coshocton County. The officer passed appellant Dewey Winegar, who was operating a vehicle traveling in the opposite direction. The officer immediately recognized appellant based on prior encounters with him for driving under the influence and driving under suspension charges. The officer radioed his dispatcher to check on the status of appellant's driver's license, while turning around and attempting to follow appellant.
As soon as the officer turned onto a street behind appellant, appellant pulled in front of a residence and stopped. The officer continued past appellant, turned his cruiser around in a church parking lot, and headed back the opposite direction. When the officer passed appellant's vehicle, appellant and his female passenger were still in the car. Upon reaching another intersection, the officer pulled into an alley where he could observe appellant. At this time, he received word from his dispatcher that appellant's driving status was valid.
Shortly thereafter, appellant's vehicle proceeded down the street. The officer noticed that the passenger never exited the vehicle when stopped at the residence, so the officer pulled out of the alley and began to follow appellant at a distance of approximately one and one-half blocks. Appellant again pulled his vehicle over and stopped. The officer continued down the street, and pulled his cruiser to the side of the street behind appellant's vehicle. The officer never activated his overhead lights or his siren, and took no action to initiate a stop of appellant's vehicle.
After exiting the vehicle, the officer approached appellant's car and asked appellant what he was doing. He immediately detected a strong odor of alcohol about appellant. He also observed that the female passenger had a can of beer partially hidden behind her purse, and that her left knee, was wet. The officer asked appellant if he had been drinking, and appellant replied that he wasn't drinking anymore. When he asked appellant why he pulled over when the officer was behind him, appellant stated that he was dropping the passenger off at her house. However, the passenger did not live in that area of town. During this exchange, the officer noticed that appellant's speech was slurred. Appellant then claimed he had not been driving the motor vehicle, as there was no key in the ignition.
Appellant was charged with driving under the influence of alcohol (R.C. 4511.19(A)(1)). He moved to suppress any evidence obtained as a result of the stop, claiming that the officer lacked a reasonable articulable suspicion of criminal activity to justify stopping his vehicle. Following a suppression hearing, the court overruled the motion. Appellant then pled no contest, and was convicted and sentenced to 120 days incarceration, and fined $750. He assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING THE DEFENDANT/APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE.
Where a vehicle is already stopped, the officer need not have a reasonable suspicion of criminal activity to approach the driver and investigate further. E.g. State v. Miller (April 29, 1999), Licking Appellate No. 98CA0112, unreported. In the instant case, the officer took no action to effectuate a stop of appellant's vehicle. He never activated his lights or siren. Appellant's vehicle was already stopped when the officer pulled behind it and exited the vehicle to investigate. Therefore, the car was not stopped by the officer, and the court did not err in overruling appellant's motion to suppress.
The assignment of error is overruled.
The judgment of the Coshocton County Municipal Court is affirmed.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Municipal Court is affirmed. Costs to appellant.